CHEHARDY, Chief Judge.
John P. Friedel and Alfred B. Gremillion, who are members of the corporation known as the Krewe of Crescent City, Inc., and of the board of directors of that corporation, suspensively appeal a judgment ordering the corporation’s involuntary dissolution.
The Krewe of Crescent City, Inc. (the Corporation), a non-profit corporation, was organized in the Parish of Jefferson, State of Louisiana, on May 1,1975. The purpose of the Corporation was to organize the Mardi Gras parade for the Krewe of Crescent City. The domicile and office of the Corporation was at the office of Calongne *898 Drayage and Storage, Inc., 501 Coolidge Street, Jefferson Parish.
The original members of the Corporation and members of the board of directors were R. Girard Calongne, Gerard E. Cal-ongne, J. Gayle Calongne, Alfred B. Grem-illion and John P. Friedel. R. Girard Cal-ongne died in 1976, leaving J. Gayle Cal-ongne, Gerard E. Calongne, Alfred B. Gremillion and John P. Friedel as the remaining members of the Corporation and of the board.
On August 6, 1988, J. Gayle Calongne and Gerard E. Calongne filed a petition for involuntary dissolution of the Corporation. The petition alleged an irreconcilable conflict between two factions comprising the members of the board of directors.
On November 24, 1987, the trial court rendered judgment involuntarily dissolving the Corporation in accordance with LSA-R.S. 12:251(A)(1), which provides in pertinent part that the court may grant a petition for involuntary dissolution upon a finding that “the directors are deadlocked in the management of the corporate affairs, and the members are unable to break this deadlock.”
John P. Friedel and Alfred B. Gremillion, opponents of the dissolution, appeal arguing the trial court erred in finding (1) J. Gayle Calongne and Gerard E. Calongne are directors of the Corporation, (2) J. Gayle Calongne and Gerard E. Calongne have standing to bring this action, and (3) the dissolution is not adverse to the interests of the members of the Corporation and the community.
They assert Gerard E. Calonge and J. Gayle Calongne have no standing to bring this dissolution proceeding because they are not members of the board of directors. The evidence reflects that in 1979 J. Gayle Calongne told Friedel he no longer wanted to run the parade. He also told Friedel that he had no objection to Friedel and Gremillion continuing to run the parade. On the basis of that conversation appellants allegedly began, in May of 1979, calling annual meetings and electing new directors and members to replace appellees. Testimony reflects that appellants did not give notice of these meetings to appellees. Appellants argue members of the board of directors can be replaced without first resigning because the term of office of a director expires annually and reelection is a prerequisite to continuation on the board.
Appellees submit that J. Gayle Calongne, Gerard E. Calongne, Alfred B. Gremillion and John P. Friedel are and have been the only members of the Corporation and the board of directors since the death of R. Girard Calongne in 1976. They deny ever resigning as members of the Corporation or as members of the board of directors of the Corporation. Both allege they have continued to be active in the business and affairs of the Corporation.
J. Gayle Calongne testified that in 1979 he withdrew only from the physical lining-up of the parade on Mardi Gras morning. He contends his participation after 1979 continued to include attending meetings of the participants in the parade, taking orders, handling doubloons and answering questions. He also had access to the bank accounts of the Corporation. Gerard E. Calongne alleges his participation in the Corporation did not change during or after 1979.
Appellees contend the business of the Corporation continued as usual until 1986, when appellants, who are past employees of Calongne Drayage and Storage, Inc., removed the corporate records from 501 Coolidge Street. They deny knowledge of the annual meeting called by appellants.
The evidence reflects the Calongnes sent notice of a meeting scheduled for March 17, 1986 to Friedel and Gremillion. Appellants attended the meeting but refused to participate.
The trial judge found that the Calongnes never resigned and that the membership of the Corporation and of the board of directors presently consists of the four parties to this litigation. He further found that the board meetings called by appellants were invalid. This conclusion is well supported by the facts and we find no manifest error on the part of the trial court. We further conclude the problems *899 existing among these four persons are sufficient to support an involuntary dissolution of the Corporation pursuant to LSA-R. S. 12:251(A)(4).
For the above and foregoing reasons the judgment ordering the involuntary dissolution of the Krewe of Crescent City, Inc., is affirmed. Costs of appeal are assessed against appellants.
AFFIRMED.