752 So.2d 335 (2000)
LINDSAY, MARCEL, HARRIS & PUGH, L.L.C.
v.
Jay J. HARRIS, Charlotte A. Pugh and Harris & Pugh, L.L.C.
No. 98CA2677.
Court of Appeal of Louisiana, First Circuit.
February 18, 2000.
Ralph Brewer, Baton Rouge, Counsel for Plaintiff/Appellant, Lindsay, Marcel, Harris & Pugh, L.L.C.
*336 Melvin L. "Kip" Holden, Baton Rouge, Counsel for Defendants/Appellees, Jay J. Harris, Charlotte A. Pugh and Harris & Pugh, L.L.C.
Before: CARTER, LeBLANC and PETTIGREW, JJ.
LeBLANC, J.
On March 20, 1995, the law firm of Lindsay, Marcel, Harris & Pugh (LMH & P), a Louisiana limited liability company, was created. Wendell F. Lindsay, Jr., Glenn P. Marcel, Jay J. Harris, and Charlotte A. Pugh signed the operating agreement as members of LMH & P. In addition to other provisions concerning such items as management and accounting, the agreement provided:
The Company shall be dissolved and its affairs shall be wound up upon the first to occur of the following:
(a) The unanimous consent of the Members.
(b) The death or bankruptcy of a Member, unless within 90 days after such event, the Company is continued by the unanimous written consent of the Members.
(c) The entry of a decree of judicial dissolution.
(d) The reduction in the number of Members to 1.
LMH & P's office was located in Baton Rouge; however, additional office space was leased in Denham Springs for Harris and Pugh. By letter dated March 30, 1998, Harris notified Lindsay, Marcel, and Pugh he would be withdrawing as a member of LMH & P effective April 1, 1998. Pugh also notified Lindsay, Marcel and Harris by letter of her withdrawal as a member effective April 1, 1998. Subsequently, Harris and Pugh formed the law firm of Harris & Pugh (H & P), and Lindsay and Marcel formed Lindsay & Marcel (L & M).
Problems immediately arose concerning client files, financial records, and bookkeeping. On April 17, 1998, LMH & P filed suit against Harris, Pugh, and H & P seeking a preliminary injunction, a declaratory judgment, and damages. On July 17, 1998, Harris, Pugh, and H & P answered and filed a reconventional demand for the dissolution of LMH & P.[1] In response to the reconventional demand, LMH & P, Lindsay, Marcel, and L & M, defendants-in-reconvention, filed an exception raising the objections of no right of action, no cause of action, and vagueness.
After a hearing, the district court overruled the exceptions and appointed a liquidator to liquidate and windup the affairs of LMH & P. Defendants-in-reconvention appeal.
In their first assignment of error, defendants-in-reconvention raise the issue of whether plaintiffs-in-reconvention have a right of action to seek and obtain a judicial dissolution of LMH & P. The objection of no right of action tests whether the plaintiff has a "real and actual interest" in the suit. Louisiana Paddlewheels v. Louisiana Riverboat Gaming Commission, 94-2015, p. 4 (La.11/30/94), 646 So.2d 885, 888. Stated another way, an exception of no right of action determines "whether the plaintiff belongs to the particular class to which the law grants a remedy for the particular harm alleged." Treasure Chest Casino, L.L.C. v. Parish of Jefferson, 96-1010, p. 4 (La.App. 1 Cir. 3/27/97), 691 So.2d 751, 754, writ denied, 97-1066 (La.6/13/97), 695 So.2d 982. The exception is appropriate when the plaintiff does not have an interest in the subject matter of the suit or legal capacity to proceed with suit in a particular case. Id.
Plaintiffs-in-reconvention assert their right to seek judicial dissolution, pursuant to La. R.S. 12:1335 which provides, "[o]n application by or for a member, any *337 court of competent jurisdiction may decree dissolution of a limited liability company whenever it is not reasonably practicable to carry on the business in conformity with the articles of organization or operating agreement."
On July 17, 1998, neither Harris, Pugh, nor H & P were members of LMH & P. Both Harris and Pugh had tendered their resignations as members, effective April 1, 1998. Moreover, H & P was never a member of LMH & P. Judicial dissolution may be sought by or for a member of a limited liability company. The statute does not provide that former members may seek dissolution. Compare La. R.S. 12:1337. Neither Harris nor Pugh, as former members, or H & P had a right to seek judicial dissolution of the limited liability company.
Nor do we find authority for plaintiffs-in-reconvention to seek dissolution pursuant to the terms of the agreement. Although the agreement provides that upon the reduction of the number of members to one, the limited liability company shall be dissolved, we do not find that that occasion had occurred. Both Harris and Pugh had withdrawn their membership effective April 1, 1998. There remained two members, Lindsay and Marcel. Although Marcel had informed each of the other members on March 3, 1998 that his "last day in the office" would be March 20, 1998, there was no evidence he intended to withdraw his membership in the company. His statement concerning his anticipated absence from the office does not equate to resignation from membership. See In re Krewe of Crescent City, Inc., 532 So.2d 897, 898 (La.App. 5 Cir.1988). With two remaining members, the membership had not been reduced to one. The limited liability company was not dissolved pursuant to the terms of the agreement.
Therefore, we find that the district court erred in overruling defendants'-in-reconvention exception raising the objection of no right of action and appointing a liquidator to liquidate and windup the affairs of the limited liability company. The grounds for the objection cannot be removed by amendment, therefore, it is unnecessary to permit plaintiffs-in-reconvention an opportunity to amend their reconventional demand for dissolution. Based on the above, we pretermit discussion of the other assignments of error raised by defendants-in-reconvention.
For the foregoing reasons, the judgment of the district court, overruling the peremptory exception raising the objection of no right of action and appointing a liquidator, is reversed. Costs of this appeal are assessed against Jay J. Harris, Charlotte A. Pugh and Harris & Pugh, L.L.C.
REVERSED.
NOTES
[1] Although other issues were raised in the reconventional demand, they are not before this court on appeal.