12DALEY, Judge.
Appellant George Werner appeals the denial of his Petition to Annul Judgment. On appeal, he argues that the trial court should have annulled the ex parte Order of Dissolution filed on behalf of Pontchartrain Plaza, L.L.C., by member Edwin X. Ho-tard, dated March 27, 2001. Werner alleges he was not served with the petition or citation prior to the signing of the ex parte order dissolving the limited liability company. We find that the trial judge properly denied the Petition to Annul, and affirm.
Pontchartrain Plaza was formed on March 22, 2000, by Werner and Hotard. It was formed to develop certain commercial real estate in the West End area of New Orleans. At the time of the Petition for Dissolution, Werner and Hotard each owned 50% of Pontchartrain Plaza. The Operating Agreement stated that any controversy or dispute relating to the Operating Agreement or breach of the Agreement shall be settled by binding arbitration. Article X of the Operating Agreement addressed dissolution as follows:
_jjA. The Company shall be dissolved upon:
(1) the passage of one year after the sale or other disposition of all or substantially all of the assets of the Company; or
(2) the election to dissolve by Non-defaulting Members holding at least eighty percent (80%) in interest in the Company.
(3) Entry of a decree of judicial dissolution under R.S. 12:1335.
On March 23, 2001, Hotard filed a Petition for Dissolution and to Appoint Liquidator, which formed the basis of the judgment Werner seeks to annul. In that petition, among other things, Hotard stated that the purpose of Pontchartrain Plaza was to rebuild a certain nightclub and bar, but the purpose was never achieved. Hotard alleged that Werner failed to comply with the Articles of Organization and with the Operating Agreement, and continued to disregard their terms; that Pontchartrain Plaza had run out of money, and that he and Werner were at odds and could no longer agree as to the continuation of business. He prayed for dissolution of the limited liability company and for a liquidator to be appointed to wind up its affairs, as per LSA-R.S. 12:1335.
The Petition for Dissolution had two orders attached to it. One order stated that Pontchartrain Plaza should be dissolved (Order Number One). The second order required the parties to show cause on June 15, 2001 why Hotard should not be appointed the liquidator (Order Number Two). Both orders were signed on March 27, 2001. The petition and both orders were served on Mr. Werner.
On April 24, 2001, Werner filed a Motion to Enroll Counsel and a Motion for Extension of Time in which to file responsive pleadings, both of which were granted. On May 24, 2001, Werner filed a Dilatory Exception of Prematurity, arguing that Hotard’s petition was premature and asking that it be dismissed. Therein, Werner | ¿argued that the Petition for Dissolution as per R.S. 12:1335 was premature because the dispute had not been submitted for arbitration as provided in the Operating *1287 Agreement. Hotard opposed the Exception, arguing that the Article on Dissolution did not require arbitration before a member could seek judicial dissolution as per the terms of the Agreement. After a hearing on June 15, 2001, the trial court denied the Exception of Prematurity on June 19, 2001.
Also at the hearing on June 15, the court heard evidence and argument regarding the appointment of Hotard as liquidator. The trial court denied that motion and further ordered that each party should submit the names of three separate individuals who could serve as liquidator. This judgment was signed on June 26, 2001.
On July 24, 2001, Werner filed his Petition to Annul Judgment, Request for Preliminary Injunction and Permanent Injunction. Therein, Werner alleged that the dissolution was granted by ex parte order of March 27, 2001, without his knowledge or consent; that the Order dated March 27, 2001 was not legally obtained in accordance with LSA-C.C.P. art.2002 and Title 12 of the Revised Statutes; and further alleged that any steps that Werner may have asked the court to take, subsequent to this absolutely null judgment, all flowed from the “improvidently” issued ex parte order of dissolution. Werner asked for a preliminary and permanent injunction restraining Hotard from taking any action whatsoever to liquidate Pontchartrain Plaza.
In his memorandum in support, Werner argued that the order to dissolve should not have been granted absent a contradictory hearing, and further that he was not served with the citation and petition prior to Order Number One being granted; therefore, the order granting the dissolution was an absolute nullity under LSA-C.C.P. |Bart. 2002. After a hearing on August 7, 2001, the trial court denied the Petition to Annul. This judgment was signed on August 15, 2001.
On August 22, 2001, the court appointed a liquidator of Pontchartrain Plaza. On October 11, 2001, Werner moved for a devolutive appeal of the judgment denying his Petition to Annul. The same day, Werner moved for a stay order of all proceedings pending the appeal. On October 25, 2001, Werner moved for Preliminary and Permanent Injunction against all arbitration proceedings instituted by Edwin X. Hotard. After a hearing, this Motion was denied in open court on November 7, 2001. Werner filed a Writ Application with this court on November 19, 2001, which was denied.[1] No other pleadings follow.

ANALYSIS

Werner argues on appeal that the Order of Dissolution is absolutely null because it was granted ex parte without his knowledge or consent, and prior to his being served with the petition. He argues that a Petition to Dissolve is an ordinary proceeding of which he was legally required to be served prior to any rulings, and that a contradictory hearing must take place on the Petition to Dissolve.
LSA-C.C.P. art. 2002 states in pertinent part:
Art. 2002. Annulment for vices of form; time for action
A. A final judgment shall be annulled if it is rendered:
[[Image here]]
(2) Against a defendant who has not been served with process as required by law....
* * *
| fiHotard, in his appellee brief, argues that Werner acquiesced in the Order of Dissolution, because he did not assert a *1288 nullity argument until well after Werner had filed proceedings in the trial court evidencing his acquiescence in the order.
Werner cites Lindsay, Marcel, Harris & Pugh v. Harris et al., 98-2677 (La.App.1 Cir. 2/18/00), 752 So.2d 335, for the proposition that the court cannot decree a dissolution without a contradictory hearing. In that case, former members of the L.L.C. sued the L.L.C. for dissolution. The L.L.C. filed Exceptions of No Right of Action, arguing that under R.S. 12:1335, former members of the L.L.C. had no legal right to sue for its dissolution. The trial court disagreed, overruling the exceptions and appointing a liquidator. The court of appeal reversed, holding that former members of an L.L.C. had no right to seek its dissolution under R.S. 12:1335 (nor did the operating agreement so provide). The hearing in that case was on the exceptions filed by the L.L.C. In the case before us there also was a contradictory hearing on appellant’s Exception of Prematurity, wherein he claimed any dispute between the parties was subject to binding arbitration before dissolution could proceed.
Mr. Werner was served with and had notice of the Petition for Dissolution. He appeared in court in all proceedings pertaining to the appointment of the liquidator and the wind up of the company’s affairs. He was allowed to assert defenses, which were considered after contradictory hearings, though he asserted no defenses to Mr. Hotard’s allegations that continuation of business was no longer practicable. We note that Hotard’s petition alleged specifically that it was not practicable to carry on the business in conformity with the articles of organization or operating agreement, given that the company’s objective had not been achieved, the company was out of money, and that the two members, of which he was one, could no longer agree on how to |7carry out business. Werner has not, at any time, contested the factual allegations in Hotard’s petition that it was no longer practicable to do business.
A review of the record and the procedural steps of the dissolution process makes clear that Mr. Werner was not prejudiced by the signing of the initial dissolution order. Mr. Werner was served with the Petition for Dissolution before any of his rights were affected. Mr. Wer-ner had an opportunity to assert defenses to the dissolution. This is not a case where a judicial proceeding began and was concluded without his knowledge and participation. When the petition was filed two ex parte Orders were presented to the trial court attached to the “Petition for Dissolution and to Appoint a Liquidator.” Both orders were signed by the trial court on March 27, 2001. Order Number One purported to dissolve Pontchartrain Plaza, L.L.C.; Order Number Two set a contradictory hearing for the purposes of determining whether a liquidator should be appointed to liquidate the assets of Pontchartrain Plaza, L.L.C. Order Number Two specifically indicates that the rights, powers, and duties of the existing members and managers of Pontchartrain Plaza, L.L.C. would not cease until after appointment by the court of a liquidator.
Appellant seeks to annul the first order because it was signed before the “Petition for Dissolution and to Appoint a Liquidator” was served on him. Appellant ignores the fact that he was served with the Petition and Order setting a contradictory hearing. He had notice of the suit, and he appeared in court and asserted his defenses to the dissolution. Mr. Werner’s primary defense, that the dissolution could not take place without the parties pursuing binding arbitration was asserted in his Exception of Prematurity. The exception was heard and dismissed. Mr. Werner also participated fully in the court proceed *1289 ing appointing the liquidator. Mr. Werner suffered no prejudice to his rights as a member of the limited liability company due |sto the signing of Order Number One because Order Number Two clarifies that the first order does not affect appellant’s rights, powers, and duties as a member of or manager of Pontchartrain Plaza, L.L.C. Pursuant to the language of the second order and the statutory scheme of dissolution, the dissolution does not take effect until after the court has appointed a liquidator.
Although this is a dissolution of a limited liability company and not a corporate dissolution, we look to the statues on corporate dissolution for guidance in determining the effect of the first order. La. R.S. 12:141 states a proceeding for dissolution takes effect, “when the court has appointed ... a judicial liquidator.”
We find that the trial court’s signing of the first Order of Dissolution was merely the commencement of the dissolution process. Mr. Werner was served with the Petition, had an opportunity and did assert his defenses, was present at the contradictory hearing, and participated in the appointment of the liquidator. Therefore, we find that the trial court did not err in denying Mr. Werner’s Petition to Annul.
AFFIRMED.

. Ol-C-1315.