1CHARLES R. JONES, Judge.
The plaintifPappellant, Helen Barrow, appeals the March 1, 2002, judgment of the district court granting the appellee, Civil Sheriff Paul Valteau, an exception of no right of action, thus dismissing the suit as it pertains to Sheriff Valteau. We affirm.
The following facts are taken from the briefs of the parties. This Court recognizes that there are four separate suits in Civil District Court for the Parish of Orleans as it pertains to this matter[1]. Ms. Barrow has only provided us with the record from Barrow v. Norwest, et al, CDC # 2000-6851. Therefore, we make no assumptions as to the truth of the stated facts because the record on appeal is incomplete for verification.
In 1992, John Davis, Sr. was granted a mortgage on 7331 Chadbourne Drive in New Orleans that was recorded. Mr. Davis died in 1998. That same year Nor-west Mortgage Corporation (hereinafter “Norwest”) filed a petition for Executory Process against the subject property. The petition for Executory Process was filed as a result of The Succession of John Davis, Sr., CDC # 2000-680, wherein Steven Davis and John Davis were recognized as lathe heirs. According to the appellant, Steven and John Davis renounced the ownership of the property and the appellant, Helen Barrow, filed a petition to enjoin the seizure and sale claiming that she was owner of the property.
A Writ of Seizure and Sale was issued on November 18, 1998 and recorded under La. R.S. 13:3888, “Filing of notice of seizure; effect of subsequent acts and cancellation of notice”. A curator was appointed and subsequently served with the Notice of Seizure. In December 1999, the curator filed a Note of Evidence and the sheriffs sale was set for November 11,'1999. On January 14, 2000, Ms. Barrow was placed into possession of Mr. Davis’ estate and the subject property. The possession was registered in the conveyance office on January 25, 2000.
The sale was rescheduled twice, once by request of Ms. Barrow and a second time after Ms. Barrow filed for bankruptcy. Ms. Barrow filed a Petition for Injunction and TRO on February 1, 2000. The district court denied the TRO and a hearing on the Preliminary Injunction was scheduled for February 8, 2000. The sheriffs sale took place on February 3, 2000. Lori-ner Rideau and Mervin Jefferson purchased the subject property. Although they are named as defendants in the instant case, they are not the subjects of this appeal.
The judgment that Ms. Barrow appeals is dated March 1, 2002, and arises out of the fourth suit filed in this matter precipitated by the above facts. The following *54 facts are pertinent as it relates to this appeal. On May 5, 2000, Ms. Barrow filed a “Petition” against Norwest, Ms. Rideau and Mr. Jefferson for return of the property, annulment of the sale, and damages. Norwest filed an Answer on October 16, 2000. On March 29, 2001, Ms. Rideau and Mr. Jefferson filed exceptions of No Right of Action and Res Judicata along with their Answer. After a July 16, 2001 hearing the district 13court denied their exceptions. On November 28, 2001, Ms. Barrow filed a Motion to Compel Sheriff Valteau to answer discovery. On January 11, 2002, Sheriff Valteau filed exceptions of No Right of Action and No Cause of Action. The judgment of March 1, 2002[2] grants the exception of no right of action in favor of Sheriff Valteau and thus dismisses him from the suit. It is from this action that Ms. Barrow takes the instant appeal.[3]
On appeal, Ms. Barrow raises four assignments of error. Her assignments or error refer to the March 1, 2002 judgment, and she argues that these assignments of error are a direct result of the district court having granted the exception of no right of action. She argues that the district court erred in finding that she did not have a right of action against Sheriff Val-teau, and that the law and Constitution guaranteed to her a right to have a hearing before the sale of the subject property. She further argues that Sheriff Valteau did not have immunity from suit, and that the amendments to La. C.C.P. art. 2752 made the law unconstitutional since it deprived her of the TRO which she prayed for. However, we are of the opinion that the sole issue on appeal is whether the district court erred in finding that Ms. Barrow did not have a right of action against Sheriff Valteau.
Our colleagues in the Second Circuit in Succession of Ewing, 34,413 (La.App. 2 Cir. 3/2/01), 781 So.2d 885, stated that:
The peremptory exception of no right of action tests whether the plaintiff has the capacity or legal interest in judicially enforcing the right asserted. La. C.C.P. art. 927 A(5); Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972). The essential function of this exception is 14to provide a threshold device which terminates suits brought by one who has no interest in enforcing judicially the right asserted. Id.; Alco Collections Inc. v. Poirier, 95-2582 (La.App. 1 Cir. 9/27/96), 680 So.2d 735, writ denied, 96-2628 (La.12/13/96), 692 So.2d 1067. Simply put, this exception tests whether this plaintiff, as a matter of law, has an interest and capacity to enforce the claim sued on. Id.; Greenbriar Nursing Home Inc. v. Pilley, 93-2059 (La.5/23/94), 637 So.2d 429.
The Civil Sheriff for the Parish of Orleans is the law enforcement officer of the civil district court for the parish of Orleans. La. Constitution Art. 5 § 27 reads, in pertinent part, that:
In each parish a sheriff shall be elected for a term of four years. He shall be the chief law enforcement officer in the parish, except as otherwise provided by *55 this constitution, and shall execute court orders and process, (emphasis added)
Louisiana Code of Civ. Pro. art. 321 states that:
The sheriff is the executive officer of the district court. He shall serve citations, summons, subpoenas, notices, and other process, and shall execute writs, mandates, orders, and judgments directed to him by the district courts, the courts of appeal, and the supreme court, (emphasis added)
In the Petition filed by Ms. Barrow praying for the return of the property to her, annulment of the sale of the property and damages [4], she alleges that:
The sale by the Civil Sheriff, who knew about the petition for an injunction and knew that Barrow had a right to a hearing and same was not held not withstanding the fact that the Civil Sheriff had this knowledge, thereby depriving Barrow of her property in violation of the laws of the State of Louisiana and the Constitution of Louisiana and the United States since no due process of law was granted since Barrow was deprived of her property | Rbefore a hearing was held. Federal National Mortgage Association v. O’Donnel, 446 So.2d 395 (5th Cir.1984).
The allegation that Sheriff Valteau “knew” of the pending petition for injunction did not result in a constitutional deprivation of Ms. Barrow’s rights, nor does it give Ms. Barrow the capacity or legal interest to judicially enforce the alleged right she asserted. Further, paragraph 25 of her petition states that:
The acts of the Civil Sheriff evidences bad faith since it is “state action” that deprived Barrow of her prayed for hearing after being put on notice of the request for same and due to this fact defendant Sheriff is liable to plaintiff Barrow for all actual damages, attorney fees, and cost [sic] as are Norwest, Jefferson and Rideau, individually, jointly severaly [sic] and in solido.
Again, the Sheriffs alleged “bad faith” does not make him the proper person to file suit against for the return of the property in question. Further, a review of the record and assessment of the oral arguments reveals that Sheriff Valteau has no legal authority to set a hearing date nor could he personally stop a sale unless instructed to do so by the district court. Sheriff Valteau stopped the sale twice pri- or to February 3, 2000, once per Ms. Barrow’s request. It is very possible that Ms. Barrow could have delayed the sale again had she made a proper request. However, whether the sale could have been stopped by alternative means is a moot issue as it relates to Sheriff Valteau. Ms. Barrow cannot sue the Sheriff for administering his [(¡ministerial duties under La. Const. Art. 5 § 27 and La.Code of Civ. Pro. art. 321.
Decree
For the reasons stated herein, we affirm the judgment of the district court dismissing Sheriff Valteau as a defendant by granting his preemptory exception of no right of action. All costs to be assessed to Helen Barrow.
AFFIRMED.

. The original petition CDC# 98-17500; Succession of Davis, CDC# 2000-680; Petition for Injunction, CDC# 2000-1607 and Barrow v. Norwest, et al, CDC# 2000-6851.

. Another judgment erroneously stating that Ms. Barrow has "no cause of action” against Sheriff Valteau was signed on March 18, 2002 and an Order to Vacate the March 18, 2002 judgment was signed on March 25, 2002.

. On March 15, 2002 Ms. Barrow’s Motion for a Suspensive Appeal was denied because the district court judge reasoned that the suit was still pending. On April 2,2002, the district court judge outright denied Ms. Barrow’s second Motion for a suspensive appeal. On May 2, 2002, Ms. Barrow’s Motion for an Appeal was denied a third time. Ms. Barrow sought writs from this court whereby we granted the writ finding that the district court had no right not to sign Ms. Barrow’s Order for an appeal.

. We must note that in oral argument, Ms. Barrow's counsel stated several times that he did not seek damages from Sheriff Valteau and the Sheriff in turn invited Ms. Barrow to withdraw her claim for damages which Ms. Barrow failed to accept.