Judgment rendered June 15, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,502-CA
No. 54,503-CA
No. 54,504-CA
(Consolidated Cases)

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

No. 54,502-CA                          No. 54,503-CA

KAILASH K. DHALIWAL AND                SUCCESSION OF MANMOHAN
THE SUCCESSION OF                      SINGH DHALIWAL
MANMOHAN S. DHALLIWAL                             Plaintiff-Appellee
          Plaintiffs-Appellees
versus

KARMINDERAL S. DHALIWAL
AND DHILLON SOOKAM
          Defendants-Appellees

No. 54,504-CA

SUCCESSION OF KAILASH K.
DHALIWAL
          Plaintiff-Appellee

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court Nos. 2011-0429, 2010-4412 and 2015-1413

Honorable Alvin R. Sharp, Judge

* * * * *

MAHINDERPAL "PAUL" SINGH DHALIWAL

In Proper Person, Intervenor/Appellant


HUDSON, POTTS & BERNSTEIN, LLP
By: Jan P. Christiansen, III
   Margaret H. Pruitt

Counsel for Appellees, Succession of Manmohan Singh Dhaliwal, Kailash K. Dhaliwal, and Simran Dhaliwal


DIMOS ERSKINE, LLP
By: Robert L. Garner

Counsel for Appellees, Karminderdal S. Dhaliwal and Dhillon Sookham Dhaliwal


HAYES, HARKEY, SMITH & CASCIO
By: Thomas M. Hayes, III
   John Bibb Saye
   Thomas M. Hayes, IV

Counsel for Appellees, Margaret H. Blackwell Pruitt, Jan P. Christiansen, and G. Adam Cossey

* * * * *

Before PITMAN, HUNTER, and MARCOTTE, JJ.

**MARCOTTE, J**.

Appellant Mahinderpal Singh Dhaliwal appeals the trial court's judgments granting the exceptions of no right of action, no cause of action, and *res judicata* filed by defendants Margaret H. Blackwell Pruitt, Jan P. Christiansen, and G. Adam Cossey. For the following reasons, we affirm the judgments of the trial court.

## FACTS

### Prior Appeals

This is the fourth time this matter has been before this court. *See Dhaliwal v. Dhaliwal*, 48,034 (La. App. 2 Cir. 9/11/13), 124 So. 3d 470, *writ denied*, 13-2931 (La. 2/21/14), 134 So. 3d 1165 ("*Dhaliwal I*"); *Dhaliwal v. Dhaliwal*, 49,973 (La. App. 2 Cir. 11/25/15), 184 So. 3d 773, *writ denied*, 16-0236 (La. 4/4/16), 190 So. 3d 1204 ("*Dhaliwal II*"); and *Dhaliwal v. Dhaliwal*, 52,507 (La. App. 2 Cir. 2/27/19), 265 So. 3d 1188, *writ denied*, 19-00700 (La. 9/6/19), 278 So. 3d 373 ("*Dhaliwal III*").

These cases involve members of the Dhaliwal family. Manmohan S. Dhaliwal ("Manmohan") and his wife Kailash K. Dhaliwal ("Kailash") had two sons, Mahinderpal S. Dhaliwal ("Paul") and Karminderdal S. Dhaliwal ("Karl"). Karl is married to Dhillon Sookham Dhaliwal ("Sookham"), and their daughter is Simran Dhaliwal Emaus ("Simran"). Manmohan died intestate on June 21, 2010, and Kailash was made the administratrix of his succession.

On February 9, 2011, Kailash and Manmohan's succession filed a petition against Karl and Sookham in which they claimed that Manmohan, Kailash, and Karl were equal partners in a joint venture that owned multiple

convenience stores. The parties filed cross-motions for summary judgment, and Karl and Sookham also filed a peremptory exception of prescription or peremption. The trial court sustained the exception, finding that the suit claiming a share of profits was not timely filed; denied Kailash and the succession of Manmohan's motion for summary judgment; sustained Karl and Sookham's motion for summary judgment; and dismissed with prejudice Kailash and the succession's claims. Kailash and the succession appealed.

In a September 11, 2013 opinion, this Court found that this matter involved genuine issues of material fact regarding whether a joint venture existed between Manmohan, Kailash, and Karl and, therefore, that summary judgment was inappropriate. *See Dhaliwal I*. This Court reversed the judgments of the trial court regarding summary judgment and prescription and remanded for further proceedings. *Id*.

On May 13, 2014, Kailash, in her individual capacity, filed a motion to dismiss her claims against Karl and Sookham, and the trial court granted this motion. The trial court also denied a motion filed by the former attorney for Manmohan's succession to prohibit Kailash from dismissing Manmohan's succession's claims against Karl and Sookham. This Court affirmed those rulings. *See Dhaliwal II*.

Kailash died on April 16, 2015. On June 4, 2015, the trial court appointed Simran as administratrix of Manmohan's succession.

On September 19, 2016, Manmohan's succession, through its administratrix Simran, filed a motion to dismiss with prejudice the February 9, 2011 lawsuit filed against Karl and Sookham, arguing there was insufficient evidence to support a claim that Manmohan was a partner in an

oral joint venture with Karl and Sookham that would entitle Manmohan's succession to any award and, therefore, that continued prosecution of the lawsuit would squander the assets of his succession and breach her fiduciary duty owed to the heirs of his succession.

Paul opposed the motion to dismiss and this Court summarized his claims as follows:

> On March 17, 2017, Paul, in his capacity as an heir to [his father's] succession, filed an opposition to the motion to dismiss. He argued that Simran breached her duty to act as a prudent administratrix. He alleged that she did not enforce all of the obligations in favor of the succession; did not preserve, repair, maintain and protect the property of the succession; failed to produce and file an accounting; paid the succession's attorney without authorization from the trial court; and was in collusion with the succession's attorney, Karl, and Sookham. He also alleged that Simran and the succession's attorney were in possession of documents that showed viable claims and that she and the succession's attorney had taken no affirmative steps to pursue these claims against Karl and Sookham.

*Dhaliwal III, supra,* at 1190.

On November 14, 2017, the trial court filed a ruling granting the motion to dismiss. It agreed with Simran that there was not enough evidence to support the succession's claim that an oral joint venture existed and that to proceed with the lawsuit would waste the succession's assets. On November 29, 2017, it filed an order dismissing the *Dhaliwal v. Dhaliwal* lawsuit.[1] Paul appealed that ruling. On February 27, 2019, this Court affirmed the trial court's ruling finding that a joint venture did not exist. *See Dhaliwal III.*

**Kailash's Will and Succession Proceedings**

---

[1] Any future reference to "*Dhaliwal v. Dhaliwal*," refers to the suit in which Kailash and Manomohan's succession sued Karl and Sookham.

As stated, Kailash passed away on April 16, 2015. On May 18, 2015, the trial court ordered that Kailash's will be filed and executed. Originally, Karl was confirmed as executor to his mother's succession, which Paul opposed. However, on March 1, 2016, the trial court granted Kailash's succession's motion to nominate Simran as a substitute for Karl as executor. In her will, Kailash bequeathed immovable property she owned in Clinton, Mississippi, to Paul and Karl in equal shares. The remainder of her estate was left to Karl.

On May 23, 2016, Paul filed a document in his mother's succession proceedings styled, "Petition to Annul the Last Will and Testament of Kailash K. Dhaliwal Due to Undue Influence." In that filing, Paul restated the joint venture claims made by Kailash and Manmohan's succession. Paul stated that Karl unduly influenced his mother to "drop" her interest in the joint venture suit and to execute a will. Paul stated that Karl's influence "destroyed her free agency and caused her volition to be substituted for his." Paul asked that his mother's will be declared null.

On May 15, 2017, Paul filed another document in his mother's succession proceedings again titled, "Petition to Annul the Last Will and Testament of Kailash K. Dhaliwal Due to Undue Influence." Paul again asked that his mother's will be declared null. Paul referenced email correspondence between the attorneys representing his parents' successions. Paul stated that after reviewing that correspondence, he reserved the right to amend his petition in order to include "more particular details" of "undue influence and conspiracy" resulting in the judgment dismissing his mother's joint venture claim. On June 2, 2017, the trial court ordered that the two successions be consolidated.

4

***Paul's Re-Stated Petition***

On August 4, 2020, Paul filed a "Re-Stated Petition" in his parents' succession proceedings and in *Dhaliwal v. Dhaliwal*. Paul named as defendants: the attorneys of the succession representative, Margaret Blackwell Pruitt, G. Adam Cossey, and J.P. Christiansen (collectively, "the Attorneys"), Simran, Karl, Sookham, and ABC Insurance Company, the professional liability insurer of attorneys Pruitt and Cossey.

Paul organized his Re-Stated Petition into sections.[2] The first section is titled, "Re: Father's Intestate Succession." In that section, Paul reiterated the joint venture claims that were dismissed in *Dhaliwal III*. He also claimed the Attorneys: 1) possessed records showing and had knowledge of Karl converting cash from their parents' accounts after Manmohan's death, which was not accounted for in the succession accounting; 2) were silent about the undue influence Karl exerted over their mother; 3) did not include the attorneys' fees in the succession accounting; 4) secretly represented Karl; 5) never disclosed to Paul any succession accountings; 6) violated their fiduciary duty to enforce succession claims against Karl; 7) represented Karl in an unrelated suit; and 8) concealed that Karl rented their parents' home and kept the paid rent.

The second section is titled, "Re: My Mother's Testate Succession." In that section, Paul claimed that: 1) the Attorneys tried to install Karl as the executor of their mother's will; 2) he was not "placed in legal possession of unencumbered succession property" from his mother's succession; 3) he was

---

[2] The claims Paul raised against the Attorneys, he also raised against Simran, as succession representative. Because Paul has only appealed the judgments sustaining the Attorneys' exceptions, only those claims he brought against the Attorneys in the Re-Stated Petition will be discussed in depth.

denied resources to contest the appointment of Simran as executor; and 4) the Attorneys "enjoyed absolute and complete power and authority over all succession assets."

The third section is titled, "Re: Both My Parents' Successions." In that section, Paul claimed that 1) the Attorneys failed their statutory accounting duties, because only four annual accountings were filed in his father's succession after Manmohan died intestate in 2010, and only two annual accountings were filed in his mother's succession, after her succession was opened in 2015; 2) the Attorneys committed negligence and legal malpractice in advising Simran, who mismanaged the successions; 3) the Attorneys colluded with Simran to conceal evidence in order to get Paul's fiduciary claim against Karl dismissed; 4) the succession suffers "loss of return on investment and needless monthly expenses for maintenance, insurance, utilities, and taxes on property which should have been sold years ago"; and 5) Simran and the Attorneys breached their statutory duties to close both successions as soon as possible;

Paul pursued the following relief:

1. A declaration that Kailash's will is invalid;

2. Nullity of the November 14, 2017 judgment which dismissed the succession of Manmohan's claims against Karl regarding the joint venture. *See Dhaliwal III*;

3. Damages from Karl;

4. Damages from Simram for alleged breach of duties owed to him as the successions' representative; and

5. Damages from the Attorneys for their negligent and intentional breaches of fiduciary duties owed to him, and their failure to safeguard his interests by pursuing claims against Karl that would have benefitted Paul.

6

*The Attorneys' Exceptions*[3]

On October 19, 2020, the Attorneys filed in each case the following documents: 1) "Exceptions of Improper Cumulation of Actions, Unauthorized Use of Summary Proceedings, and No Cause of Action," which was captioned *Succession of Kailash Dhaliwal*; and 2) a filing titled "Exceptions," which contained exceptions of no right of action, *res judicata*, and no cause of action, and was captioned *Kailash Dhaliwal v. Karl Dhaliwal*.[4]  The Attorneys asked that Paul's claims against them be dismissed with prejudice.  The Attorneys argued in those exceptions that:

> 1. Paul cannot seek an annulment of the trial court's November 29, 2017 judgment dismissing the *Dhaliwal v. Dhaliwal* suit, because he has no right of action to do so.  The Attorneys stated that Paul's interest in his father's succession is the property of the bankruptcy trustee for his bankruptcy proceedings.  The Attorneys also asserted that Paul's attempt to annul the judgment in this case constitutes a "collateral attack" on that judgment of dismissal which is prohibited by jurisprudence.
>
> 2. Paul cannot seek annulment of the judgment dated May 13, 2014, which dismissed Kailash's personal claims against Karl and Sookham, because he has no right of action to do so.  Paul is not the succession representative of his mother's estate, which remains under administration, and his mother's will, which has not been declared invalid, bequeaths to him only an interest in immovable property in Mississippi.
>
> 3. Paul is barred from bringing claims against the Attorneys, because on November 10, 2015, he sued the Attorneys, their law firm, Karl, and Simran in suit No. 2015-3432, claiming that the Attorneys had breached their fiduciary duty owed to him as an heir of his father's succession and a legatee of his mother's succession.  In that suit, Paul asserted that the Attorneys conspired with Simran and Karl to cause him intentional harm and to deny him his rightful inheritance.  The Attorneys stated that on July 20, 2016, that suit was dismissed with prejudice,

---

[3] Simran, as succession representative, and Karl and Sookham filed similar exceptions to Paul's Re-Stated Petition.  Paul has not appealed any rulings on those exceptions.

[4] The Attorneys also raised additional exceptions in the two filings on which the trial court did not rule.

after the trial court sustained their exceptions of no right of action, *res judicata*, and no cause of action. The Attorneys stated that Paul did not appeal that judgment, which is now final, barring the claims against him in his Re-Stated Petition.

4. The Attorneys stated that in *Dhaliwal v. Dhaliwal*, Paul opposed the motion by Simran to dismiss the succession's claims against Karl and Sookham, and that opposition included claims against Simran that she and the Attorneys possessed documents establishing misconduct by Karl and Sookham. The Attorneys stated that those claims were rejected by the trial court and this Court. *See Dhaliwall III*. The Attorneys stated that those claims in Paul's Re-Stated Petition are barred by *res judicata*, and that his claims against the Attorneys, "which derive from and are based solely upon the claims against Simran," are also barred by *res judicata*.

5. The Attorneys argued that Paul has no cause of action against them, because he has not established that the November 29, 2017 judgment was dismissed,

6. The Attorneys argued that Paul has no cause of action against them, because a non-client cannot hold his adversary's attorney personally liable for malpractice or negligent breach of a professional obligation, he failed to plead facts establishing specific malice or an intent to harm, and he has no cause of action for alleged breach of fiduciary duty.

The Attorneys attached to their exceptions:

1. A document titled, "Motion to Allow Trustee to Close Case Without Abandoning Asset," filed in the U.S. Bankruptcy Court for the Western District of Louisiana on or about April 13, 2016. The motion contains the case caption, *In re Mahinderpal Singh Dhaliwal, Tisa Denise Dhaliwal, Debtors*, and states that it was filed by attorney John Clifton Conine ("Atty. Conine"), the Chapter 7 Bankruptcy Trustee in the matter. The motion states that the assets of the bankruptcy estate include Paul's claim in his father's succession, which, in turn, includes any of his potential claims in *Dhaliwal v. Dhaliwal*. The motion states that Atty. Conine desired to close the case, but intends to re-open the case "should a meaningful judgment be rendered in the bankruptcy estate's favor," and he asked the bankruptcy court for authorization to do so.

2. A May 2, 2016, order from the U.S. Bankruptcy Court for the Western District of Louisiana, which states:

> [T]he bankruptcy estate's interest in the claim of the debtor…Paul…in his late father's…succession, including but not limited to the litigation now pending in the

8

> [Louisiana Second Circuit Court of Appeal], entitled [*Dhaliwal v. Dhaliwal*] and the *Succession of Manmohan*…not be abandoned under the provisions of 11 U.S.C. § 554(c); and
>
> It is ordered that the Trustee be and is authorized to re-open the case, should a meaningful judgment be rendered in the bankruptcy estate's favor, or to have this court approve any settlement reached in the future.

### *Paul's Opposition*

On November 9, 2020, Paul filed in the succession proceedings and *Dhaliwal v. Dhaliwal* identical oppositions to the exceptions filed by: 1) the Attorneys; 2) Simran; and 3) Karl and Sookham. Paul argued that he is an "uncontested heir" to his father's succession and an "uncontested legatee" to his mother's succession, and that Simran and the Attorneys owe him a fiduciary duty as an heir and legatee. Paul asserted that Simran and the Attorneys breached that duty and that the bankruptcy trustee did not have an interest in the fiduciary duty owed to him. Paul also claimed that the Attorneys violated the professional rules which gives him a right of action and cause of action against them. Paul stated that La. C.C.P. art. 934 allows him to "remove by amendment my claims to annul my mother's will…such that particularly pled fraud, conspiracy, collusion and violation of professional rules having the effect of substantive law may proceed to trial."

Paul argued that the doctrine of *res judicata* does not apply here, because the parties in the prior case between himself and the Attorneys, their law firm, Simran, Karl, and Sookham is not the same as the instant case. Paul acknowledges that there is a judgment dismissing his earlier suit. Paul asserted that this is the exceptional case for which the doctrine of *res judicata* should not apply, because there are concealed attorneys' fees paid by Karl to the attorneys prosecuting his fiduciary claim against Karl,

9

"violation of conflict of laws having the effect of substantive law," and "secret, 'privileged' communications" between Karl and the attorney "prosecuting" his fiduciary claim. Paul stated that the "fraudulent scheme" to harm him is "on-going, without interruption."[5]

***Action by the Trial Court***

On December 1, 2020, a hearing was held on the exceptions. The trial court admitted into the record the "Motion to Allow Trustee to Close Case Without Abandoning Asset" filed by Atty. Conine, and the bankruptcy court's order which authorized the bankruptcy trustee to re-open the case in the event of a favorable ruling in Manmohan's succession and/or *Dhaliwal v. Dhaliwal*. At the hearing, the trial court sustained the Attorneys' exceptions of no right of action, *res judicata*, and no cause of action in the three suits. On December 31, 2020, the trial court issued its written reasons for judgment which state:

> This court finds (among other things) that Paul Dhaliwal filed for bankruptcy after his father died and all of his asserted rights in, to, and arising from the succession of his father constitute the property owned by the Chapter Seven Trustee. Too, this court finds (among other things) that only the succession representative has a right to assert a claim belonging to the succession.

The trial court concluded that Paul does not have a right of action or cause of action, and his claims are barred by *res judicata*. On January 1, 2021, the trial court signed a judgment sustaining the Attorneys' exceptions of no right of action, *res judicata*, and no cause of action and dismissed with prejudice Paul's claims made against the Attorneys in the succession suits. On that same date, the trial court signed a judgment sustaining the same

---

[5] The Attorneys then filed a reply in *Dhaliwal v. Dhaliwal*, re-urging arguments similar to those found in their exceptions.

exceptions, and again dismissed with prejudice Paul's claims against the Attorneys in *Dhaliwal v. Dhaliwal*. Paul now appeals.[6]

### DISCUSSION

In his assignment of errors, Paul contends that the trial court erred when it granted "blanket exceptions" to defendants when his claims against defendants arose post-bankruptcy, during the administration of his mother's succession, and are unrelated to his father's succession; certain damages and causes of action were not known or have not been brought by the bankruptcy trustee during his father's succession; and the order of the bankruptcy court reserves his right to receive one-half of the damages caused by defendants' conduct related to the *Dhaliwal v Dhaliwal* suit.

Paul argues that the trial court's judgment focuses solely on his father's succession, but is silent on the wrongdoings he alleges occurred with his mother's succession, which he asserts occurred after the Louisiana Supreme Court denied review of *Dhaliwal III*. Paul states that exceptional circumstances justify relief in his case, because the "conspired wrongful conduct alleged in Manmohan's succession was purposely concealed."

Paul argues that his Re-Stated Petition sets forth new causes of action for the "conspired breach of fiduciary duty" of Simran and the Attorneys with Karl. He asserts that he has a right to demand that his parents' successions be administered according to law and that the administratrix owes an heir certain fiduciary duties. Paul states that the trial court erred in

---

[6] Paul states in his brief that his appeals derive from a final judgment dated December 11, 2020. However, Paul's motions for an appeal state that he is appealing the two judgments signed by the trial court on January 1, 2021. Those judgments sustain only the Attorneys' exceptions and dismiss with prejudice solely Paul's claims against them. Therefore, review of any other judgment is not properly before this Court.

11

ignoring his allegations of conspired breach of fiduciary duty in his mother's succession and his right to enforce the same.

Paul argues that he alleges "conspired violations of specific codal duties of a succession representative, negligence, and intentional tort," under La. C.C.P. arts. 2315 and 1953, including allegations of fraud. He asks that the trial court's ruling be reversed and remanded for further proceedings.

The Attorneys argue that Paul has no interest in his father's succession, because the judgment in *Dhaliwal III* dismissing the joint venture suit by his father's succession terminated the bankruptcy trustee's claims and barred claims by anyone else claiming to be a successor to Manmohan. The Attorneys state that in 2014, in the case that was the subject of *Dhaliwal II*, Paul made a judicial admission that the trustee owned his interest in his father's succession. The Attorneys also argue that Paul's bankruptcy was closed without abandoning the bankruptcy estate's interest in Manmahon's succession.

The Attorneys argue that his only interest in his mother's succession is a bequest giving him an interest in immovable property in Mississippi. The Attorneys contend that only the succession representative may bring an action on behalf of Kailash's estate, because it is still under administration.

The Attorneys also argue that Paul has no cause of action against his adversary's attorneys for their alleged negligence or malpractice when acting on their client's behalf, and he also failed to state a cause of action against them for intentional injury. The Attorneys state that Paul's 2015 suit against them, which raised the same issues as his Re-State Petition and was ultimately dismissed with prejudice, bars this suit. The Attorneys state that Paul failed to appeal that judgment.

12

***Manmohan's Succession***

The exception of no right of action challenges whether the plaintiff has an actual interest in bringing the action. La. C.C.P. art. 927(A)(6); *Carter v. First S. Farm Credit, ACA*, 49,531 (La. App. 2 Cir. 1/14/15), 161 So. 3d 928, *writ denied*, 15-1166 (La. 9/18/15), 178 So. 3d 151; *Dance v. Louisiana State Univ. Med. Ctr. at Shreveport,* 32,592 (La. App. 2 Cir. 12/10/99), 749 So. 2d 870, *writ denied,* 00-0532 (La. 3/31/00), 759 So. 2d 76. The essential function of this exception is to provide a threshold device which terminates suits brought by one who has no interest in enforcing judicially the right asserted. *In re Ewing*, 34,413 (La. App. 2 Cir. 3/2/01), 781 So. 2d 885.

Whether a plaintiff has a right of action depends on whether the plaintiff belongs to a particular class of persons to whom the law grants a remedy for the alleged grievance, or whether the plaintiff has an interest in judicially enforcing the right asserted. *Carter v. First S. Farm Credit, ACA, supra*. The determination of whether a plaintiff has a right of action is a question of law and is reviewed *de novo* on appeal. *In re Interdiction of Lalehparvaran,* 48,655 (La. App. 2 Cir. 1/15/14), 132 So. 3d 439.

In *Carter v. First S. Farm Credit, ACA, supra*, this Court explained:

> Upon filing a bankruptcy petition, an estate is created which includes all legal or equitable interests of the debtor in property as of commencement of the case. The interests of the debtor in property includes causes of action possessed by the debtor. Even where the debtor fails to list a cause of action as an asset, the cause of action becomes property of the bankruptcy estate upon filing of the bankruptcy petition.

> Louisiana jurisprudence has held that once a bankruptcy case commences, only the trustee has the legal capacity to sue upon a cause of action included as property of the estate. (internal citations omitted.)

*Carter v. First S. Farm Credit, ACA*, *supra* at 936, *citing Dance v. Louisiana State Univ. Med. Ctr. at Shreveport, supra*.

Here, any right to bring a claim in Manmohan's succession or related to his succession belongs to the bankruptcy trustee, as detailed in the order from the bankruptcy court. While Paul's bankruptcy case was closed, the bankruptcy trustee requested, and was granted, the right to re-open the case in the event of a judgment in favor of Paul in his father's succession. Therefore, Paul has no right of action to bring claims related to his father's succession.

### Kailash's Succession

A succession representative is a fiduciary with respect to the succession, and shall have the duty of collecting, preserving, and managing the property of the succession in accordance with law. She shall act at all times as a prudent administrator, and shall be personally responsible for all damages resulting from his failure so to act. La. C.C.P. art. 3191(A).

Except as otherwise provided by law, the succession representative appointed by a court of this state is the proper plaintiff to sue to enforce a right of the deceased or of his succession, while the latter is under administration. The heirs or legatees of the deceased, whether present or represented in the state or not, need not be joined as parties, whether the action is personal, real, or mixed. La. C.C.P. art. 685. A succession representative shall be deemed to have possession of all property of the succession and shall enforce all obligations in its favor. La. C.C.P. art. 3211.

In *Anderson v. Collins*, 26,142 (La. App. 2 Cir. 1/6/95), 648 So. 2d 1371, *writs denied*, 95-0629, 95-0783 (La. 4/21/95), 653 So. 2d 576, this Court observed that under the provisions of La. R.S. 9:5621, actions against any person who has served as a curator of a vacant succession or as administrator, testamentary executor, or dative testamentary executor of a succession in this state, or against the surety on his bond, arising out of any act the representative, as such, may have done or have failed to do, are subject to a two-year prescriptive period, reckoned from the day of the judgment homologating the final account. This Court found that the fact that the prescriptive period does not begin to run until the day of the judgment homologating the final account is evidence of our lawmakers' intent that only the succession representative may institute an action to enforce the right of the succession while it is under administration. *Anderson v. Collins, supra*.

Because Kailash's succession is under administration, Paul cannot bring claims against the succession attorneys. It is the succession representative that is the proper plaintiff while a succession is under administration. We find that Paul has no right of action against the succession attorneys for claims related to his mother's succession, which is still under administration.

### Dhaliwal v. Dhaliwal

Paul filed his Re-Stated Petition in *Dhaliwal v. Dhaliwal*, in which there is a final judgment which determined that his mother and his father did not have joint venture claims against Karl. Paul asserts that the Attorneys colluded with Karl and Simran in that case to have his mother and father's claims related to the joint venture dismissed. A final judgment obtained by

15

fraud or ill practices may be annulled. La. C.C.P. art. 2004(A). However, as discussed, Paul has no right of action in his father's succession.

Furthermore, Kailash's will states that she bequeathed to Paul only an interest in immovable property in Mississippi, and the remainder of her estate she left to Karl. Therefore, any interest that Kailash may have had in the alleged joint venture belongs to Karl. Paul must first establish that he has an interest in Kailash's succession, beyond his interest in the immovable property that was bequeathed to him, by annulling her will, before he may seek nullity of the November 14, 2017 final judgment in *Dhaliwal v. Dhaliwal*. He, therefore, does not have the right to pursue that claim. The trial court was correct in sustaining the exceptions of no right of action and dismissing his claims.

For these reasons we affirm the judgments, dismissing Paul's claims without leave to amend. The claims Paul brought against the Attorneys, he also brought against Simran, the succession representative, in his Re-Stated Petition. Thus, leave to amend, as allowed by La. C.C.P. art. 934, is not required. As noted, the exception of no right of action is a threshold device which terminates suits brought by a person with no legal interest in judicially enforcing the right. *In re Ewing, supra*. Upon finding no right of action, the court must dismiss the suit. *Taylor v. Woodpecker Corp.,* 562 So. 2d 888 (La. 1990). If the exception of no right of action is sustained pretrial, there are no substantive rights to determine on the merits. *In re Ewing, supra*; *Lindsay, Marcel, Harris & Pugh, L.L.C. v. Harris,* 98-2677 (La. App. 1 Cir. 2/18/00), 752 So. 2d 335. Therefore, it is unnecessary for this Court

to consider the trial court's rulings on the other exceptions.[7]  For this reason,

the trial court's rulings are affirmed.

## CONCLUSION

For the reasons set forth above, the judgments sustaining the

exceptions of no right of action, thereby dismissing Mahinderpal Singh

Dhaliwal's claims against defendants Margaret H. Blackwell Pruitt, Jan P.

Christiansen, and G. Adam Cossey, are affirmed.

**AFFIRMED.**

---

[7] We further note that we cannot address the merits of the exceptions of *res judicata* in this case because no evidence pertaining to the Attorneys' exceptions of *res judicata* was introduced into the record at the hearing on the exceptions.  The petition and judgment upon which the exceptions of *res judicata* were based are not a part of the appellate records.  As an appellate court, we are a court of record and may not review evidence that is not in the appellate record or receive new evidence.  *Denoux v. Vessel Mgmt. Servs., Inc.,* 07-2143 (La. 5/21/08), 983 So. 2d 84.